UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 06-61337-CIV-COHN/SELTZER

KEITH TAYLOR,

      Plaintiff,

v.

NOVARTIS PHARMACEUTICALS
CORPORATION,

      Defendant.

_____/

## ORDER DENYING BANKRUPTCY TRUSTEE'S MOTION FOR RECONSIDERATION

**THIS CAUSE** is before the Court upon Plaintiff's Bankruptcy Trustee's Motion for Reconsideration of Dismissal Order [DE 89] ("Motion for Reconsideration").  The Court has carefully considered the Motion for Reconsideration, Defendant's Response [DE 92] ("Response"), the Trustee's Reply [DE 94], the record in the case, and is otherwise fully advised in the premises.

### I. BACKGROUND

Plaintiff Keith Taylor ("Plaintiff") originally filed a complaint in this Court against Defendant Novartis Pharmaceuticals Corporation ("Defendant") on September 1, 2006.  Complaint [DE 1].  The Judicial Panel on Multidistrict Litigation ("JPML") subsequently removed the case to the Middle District of Tennessee for consolidated pretrial proceedings with similar actions brought against Defendant by other plaintiffs.  See Conditional Transfer Order [DE 9, 10].  On September 5, 2012, the JPML signed a conditional remand order which remanded this case to this Court.  Conditional Remand Order [DE 11].

On April 15, 2013, Defendant filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).  See DE 67.  The basis of that motion was that Plaintiff filed for Chapter 7 bankruptcy in 2010, after the filing of this lawsuit, but failed to disclose the lawsuit in his sworn filings before the bankruptcy court. Upon initial review of the parties' submissions, the Court found that it could not grant Defendant the relief sought pursuant to Rule 12(c).  Because the Court found that consideration of documents outside the pleadings was necessary to resolve the motion, the Court converted the motion for judgment on the pleadings into a motion for summary judgment pursuant to Rule 12(d) and gave the parties time to supplement the record.  See DE 83.  On June 27, 2013, the Court granted Defendant's motion for summary judgment and entered a final judgment against the Plaintiff.  See DE 86, 87. The basis for the Court's ruling was (1) Plaintiff was judicially estopped from asserting his claims and (2) Plaintiff lacked standing to pursue his claims.

On July 25, 2013, Sonya L. Salkin, Plaintiff's Chapter 7 bankruptcy trustee ("Trustee"), filed the instant Motion for Reconsideration which seeks to reconsider the Court's June 27, 2013 Order pursuant to Federal Rules of Civil Procedure 59 and 60.[1] Defendant opposes the Motion for Reconsideration.

## II. DISCUSSION

Federal Rule of Civil Procedure 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."  As the Court of Appeals for the Eleventh Circuit explains, "[t]he decision to alter or amend

---

[1]     Simultaneously with the Motion for Reconsideration, the Trustee filed a Motion to Substitute Party Plaintiff or to Intervene.  See DE 90.

judgment is committed to the sound discretion of the district judge and will not be overturned on appeal absent an abuse of discretion." Am. Home Assurance Co. v. Glenn Estess & Assoc., 763 F.2d 1237, 1238-39 (11th Cir. 1985).  A motion to alter or amend a judgment "must demonstrate why the court should reconsider its prior decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."  Socialist Workers Party v. Leahy, 957 F. Supp. 1262, 1263 (S.D. Fla. 1997).  Generally courts have recognized three grounds that justify reconsideration of an order: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." Williams v. Cruise Ships Catering & Serv. Int'l, N.V., 320 F. Supp. 2d 1347, 1357-58 (S.D. Fla. 2004); see also Reyher v. Equitable Life Assur. Soc., 900 F. Supp. 428, 430 (M.D. Fla. 1995).  Reconsideration of a previous order "is an extraordinary remedy to be employed sparingly" in the interests of finality and conservation of scarce judicial resources. Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994).

Federal Rule of Civil Procedure 60(b) provides as follows:

On Motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).[2]  "Rule 60(b) motions are directed to the sound discretion of the district court, and [the Eleventh Circuit] will set aside the denial of relief from such motion only for abuse of that discretion."  Cheney v. Anchor Glass Container Corp., 71 F.3d 848, 849 n.2 (11th Cir. 1996).

Here, the Court finds the Trustee has failed to demonstrate good cause for reconsideration of the Court's June 27, 2013 Order.  The record demonstrates that the Trustee moved to reopen the plaintiff's bankruptcy case on June 19, 2013.  Motion at 2. This motion was granted on June 19, 2013.  At no point, however, did the Trustee ever inform this Court that the bankruptcy case had been reopened or otherwise indicate that the Trustee planned to intervene in this action.  Instead, the Trustee apparently relied upon Plaintiff's counsel to ask this Court to permit her to intervene.  Motion at 2. The Trustee's reliance on Plaintiff's counsel was misplaced.  Plaintiff's counsel continued to assert that Plaintiff had standing to prosecute his claims.  Plaintiff only requested that the Trustee be allowed to substitute as the plaintiff in this action if the Court found that Defendant was entitled to summary judgment based on Plaintiff's non-disclosure of his bankruptcy case.  See DE 84 at 3.  At no time prior to the Court's entry of judgment did Plaintiff or the Trustee file a motion to intervene on the Trustee's behalf.  See Pavlov v. Ingles Markets, Inc., 236 F. A'ppx  549, 550 (11th Cir. 2007) (affirming application of judicial estoppel to plaintiff's claims where "there has been no

---

[2]     Here, the Trustee has failed to specify under which provision of Rule 60(b) she seeks relief.

appearance of any Trustee, through intervention or otherwise.").[3]

Nor did Plaintiff ever inform the Court that the bankruptcy proceeding had been reopened.[4]  It was the Trustee's responsibility to ensure that this Court was informed of any proceedings or motions filed in the bankruptcy case if she intended to intervene in this action.  See Alvarez v. Royal Atlantic Developers, Inc., 854 F. Supp. 2d 1219, 1221 n.1 (S.D. Fla. 2011) (granting defendant's motion to vacate judgment based on plaintiff's lack of standing and judicial estoppel where the bankruptcy trustee was not a party to the action and had never moved the Court to intervene or previously notified the Court of its existence).  Accordingly, the Trustee's marked lack of diligence in keeping this Court apprised of her intentions is not grounds under either Rule 59(e) or Rule 60(b) to reconsider the June 27, 2013 Order.

Finally, the Court is not persuaded by the Trustee's reliance on In re Muhlig, 494 B.R. 755, 765-66 (Bankr. S.D. Fla. 2013), for the proposition that the automatic stay barred this Court from dismissing this action.  Even if In re Muhlig is correct in its interpretation of the automatic stay, here, by her own admission, the Trustee had knowledge of both this proceeding and the pending motion for summary judgment prior to the Court's entry of judgment.  Curiously, however, the Trustee failed to notify this Court that she had reopened the bankruptcy case or otherwise communicate to the

---

[3]     By contrast, in Parker v. Wendy's International, Inc., 365 F.3d 1268 (11th Cir. 2004), the district court had granted the trustee's motion to intervene prior to granting the defendant's motion to dismiss based on judicial estoppel.  See Order, Parker v. Wendy's Int'l, Inc., No. 99-cv-00038 (N.D. Ala. Aug. 21, 2002), ECF No. 28.

[4]     Indeed, the Notice of Supplemental Authority [DE 84] was filed on June 17, 2013, before the Trustee even moved to reopen the bankruptcy case.

Court her intention to intervene.  Instead, the Trustee waited until after judgment had entered to seek intervention in this matter.  On these facts, it was appropriate for the Court to grant summary judgment against Plaintiff based on judicial estoppel and lack of standing.  See Pavlov, 236 F. A'ppx at 550 (affirming application of judicial estoppel to plaintiff's claims where "there has been no appearance of any Trustee, through intervention or otherwise.").  The Court will not reconsider its ruling when the Trustee could and should have alerted the Court as to her intentions to intervene in this matter prior to entry of judgment.

## III. CONCLUSION

Based on the foregoing it is **ORDERED AND ADJUDGED** as follows:

1.     Plaintiff's Bankruptcy Trustee's Motion for Reconsideration of Dismissal Order [DE 89] is **DENIED**; and

2.     Plaintiff Bankruptcy Trustee's Motion to Substitute Party Plaintiff or to Intervene is **DENIED** as **MOOT**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, on this 10th day of December, 2013.

_____
JAMES I. COHN
United States District Judge

Copies provided to counsel of record via CM/ECF.